**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In Re: | ) |
| | ) |
| Rosemarie Antoinette Frazier, | ) Case No.  19-12835 |
| | ) |
| Debtor. | ) Chapter 11 |
| _____ | ) |

<u>AMENDED CHAPTER 11 PLAN</u>
(SEPTEMBER 30, 2019)

Comes now debtor, by and through counsel, pursuant to 11 U.S.C. 1121, and hereby submits the following Chapter 11 Plan of Reorganization.  Filed herewith is an accompanying Disclosure Statement that more fully explains the proposals set forth herein and the basis therefore.

<u>Article I</u>

Definitions

The terms set forth in this Article I shall have the respective meanings hereinafter set forth.  Any capitalized term used but not otherwise defined herein shall have the meaning given to that term in the Bankruptcy Code.

1.1.  <u>Administrative Claim</u> shall mean any cost or expense of administration of Debtor's Chapter 11 case entitled to priority in accordance with Section 503(b) and Section 507(a)(1) of the Bankruptcy Code, including without limitation, all actual and necessary costs and expenses of preserving Debtor's estate from and after the Petition Date to and including the Confirmation Date, all allowances of compensation and reimbursement approved by the Court in accordance with the Bankruptcy Code, and any fees or charges assessed against Debtor's estate under 28 U.S.C. Section 1930.

1.2. <u>Administrative Claimant</u> means the holder of an Administrative Claim.

1.3. <u>Allowance Date</u> means the date on which a Disputed Claim becomes an Allowed Claim, either through finalization of a settlement between Debtor and the holder of a Disputed Claim, confirmation of the Plan, or entry of a Court Order setting the Allowed Amount of the Claim.

1.4. <u>Allowed Amount</u> means the amount of a Claim including an Equity Interest that is listed in Debtor's Schedules as not disputed, contingent, or un-liquidated:

      (A) if the holder of such Claim has not filed a proof of claim within the applicable period of limitation fixed by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3); or

      (B) if a holder has filed a timely Proof of Claim: (I) the amount so stated in such Claim; or, (ii) if an objection to such Claim is filed, such amount as shall be fixed by Order of the Bankruptcy Court.

1.5. <u>Allowed Claim</u> means a Claim, the amount of which has become or is an Allowed Amount.

1.6. <u>Allowed Claimant</u> means the holder of an Allowed Claim.

1.7. <u>Bankruptcy Code</u> means Title 11 U.S.C. Section 101 et. seq, as amended.

1.8. <u>Bankruptcy Court</u> means the United States Bankruptcy Court for the District of Maryland.

1.9. <u>Bankruptcy Rules</u> means the Federal Rules of Procedure governing bankruptcy cases.

1.10. <u>Bar Date</u> means the date set by the Court as the last date on which Claims of pre-petition Creditors could be filed against Debtor. Notwithstanding the foregoing, General Unsecured Creditors arising from Debtor's rejection of contracts or leases pursuant to

2

Section 365 of the Bankruptcy Code under the terms of this Plan may be filed no later than ten (10) days after the Confirmation Date.

1.11. <u>Cash</u> means cash, cash equivalents, and other readily marketable direct obligations of the United States of America, and certificates of deposit issued by a national bank.

1.12. <u>Claim</u> means a claim against Debtor as defined in Section 101(4) of the Bankruptcy Code, including but not limited to, any and all Claims arising from the rejection of executory contracts of Debtor.

1.13. <u>Claimant</u> means an individual or entity holding or having a Claim.

1.14. <u>Class</u> means a group consisting of Claims which are substantially similar to each other as classified pursuant to the Plan.

1.15. <u>Confirmation</u> means approval of the Plan by the Bankruptcy Court.

1.16. <u>Confirmation Date</u> means the date of entry of the Confirmation Order in accordance with the provisions of the Bankruptcy Code; provided however, that if the Confirmation Order or consummation of this Plan is stayed pending appeal, then the Confirmation Date shall be the date of entry of the Final Order vacating such stay or the date on which such stay expires or is no longer in effect.

1.17. <u>Confirmation Order</u> means the Final Order of the Bankruptcy Court confirming this Plan and approving the transactions contemplated herein.

1.18. <u>Debtor</u> Rosemarie Antoinette Frazier.

1.19. <u>Disclosure Statement</u> means the written disclosure statement regarding this Plan that was approved by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code.

1.20. <u>Disputed Claim</u> means any Claim for which an Allowed Amount has not yet been determined and, with respect to which, an objection has been interposed on or prior to the Confirmation Date or such other date as may be fixed by the Bankruptcy Court or as otherwise set forth in the Plan.

1.21. <u>Effective Date</u> means 30 days after the Confirmation Order.

1.22. <u>Final Order</u> means an order or judgment of the Bankruptcy Court which is not the subject of a pending appeal, which has not been reversed, stayed, modified or amended, and which the time to appeal from or to seek review or rehearing of such order shall have expired, as a result of which such order shall become final in accordance with the applicable Bankruptcy Rules.

1.23. <u>General Unsecured Claims</u> means unsecured Claims against Debtor that are not entitled to priority pursuant to the Bankruptcy Code.

1.24. <u>Impaired Class</u> means a Class as a whole whose legal, equitable or contractual rights that attach to its Claims are modified and not satisfied by payment in full in Cash on the Effective Date.

1.25. <u>Insiders</u> mean those persons or entities related to Debtor.

1.26. <u>Petition</u> means the voluntary Chapter 11 petition filed by Debtor on March 5, 2019.

1.27. <u>Petition Date</u> means March 5, 2019 the date on which Debtor filed this Chapter 11 case.

1.28. <u>Plan</u> means this Chapter 11 Plan of Reorganization proposed by Debtor as set forth herein or as it may be amended or modified from time to time hereafter.

1.29. <u>Priority Claim</u> means any Claim, other than an Administrative Claim to the extent entitled to priority in payment under Section 507(a) of the Bankruptcy Code, as well as

Claims which Debtor must pay to cure the pre-petition defaults as a condition of assuming certain real property leases.

1.30. Pro Rata means the same proportion that the Allowed Amount of a Class bear to the aggregate of the Allowed Amount of all Claims of that particular Class of Claims.

Article II

Classification and Treatment of Claims and Interests

**PRIORITY TAX CLAIMS**

Pursuant to the 11 U.S.C. §507, the Internal Revenue Service filed a priority tax claim in the amount of $890[1], representing unpaid income taxes and interest due for tax years 2017 and 2018.  Debtor will make full payment on this priority tax claim within 30 days of the Effective Date of the plan.  This claim is unimpaired.

**CLASSES**

**Class 1. Administrative Claims.** Class 1 Administrative claims are Claims against Debtor for any cost or expense of the Chapter 11 case allowable under Section 503(b) of the Bankruptcy Code, including all actual necessary costs and expenses of preserving Debtor's estate, including compensation and/or reimbursement of expenses to the extent allowed under the Bankruptcy code.  This class includes the claims of counsel for fees and reimbursement of expenses.  This class also includes fees due the Office of the United States Trustee.

Legal Fees. As of the filing of this Plan and Disclosure Statement, it is estimated that counsel's administrative fees and expenses will be in the range of $15,000-$30,000 for representation throughout the bankruptcy case, a portion of which already has been

---

[1] The remainder of the IRS' claim for penalties in the amount of $267 will treated in Class 17 with the other general unsecured creditors.

paid and held in trust pending a forthcoming motion and approval by Court order.   The amount of legal fees and expenses will vary depending on the needs of Debtor.  Future applications for counsel fees and reimbursement of costs will follow throughout the duration of the case as is necessary.  Counsel fees and expense will be paid within five (5) days of the entry of a Court Order allowing such fees and expenses to be paid.  Post-confirmation, upon notice and opportunity to object, debtor will make payment to professionals as an administrative expense in the ordinary course of business.

      <u>Trustee Fees.</u> Payments due the Office of the United States Trustee are current and will remain current through confirmation and post-confirmation until the case administratively is closed.  Based on debtor's situation, debtor does not anticipate any significant increase due the United States Trustee from the present $650 due per quarter. Accordingly, it is estimated that administrative fees due the Office of the United States Trustee will not exceed $13,000 for the duration of the Plan.  Payment of these fees shall be paid in full by Debtor through the Effective Date of the Plan, and shall continue until the Bankruptcy Code, applicable Bankruptcy Rule, or Court order no longer requires such to be paid.

      To the extent there is any other unpaid administrative claim, such claim will be paid in full, on the Effective Date of the Plan, unless the Creditor agrees otherwise. This Class 1. Administrative Claims are unimpaired.

## Class 2.  Secured Claim of Bayview Loan Servicing, LLC.

Class 2 consists of the secured claim of Bayview Loan Servicing, LLC in the amount of $610,990.[2]  This claim is secured by a 1st Deed of Trust on debtor's principal residence

---

[2] With respect to any monetary amount reflected throughout this Chapter 11 Plan, the amount is rounded up to the nearest dollar.

located at 1235 Colonial Park Drive, Severn, Maryland 21144.  At the time of the filing

of this bankruptcy case there were pre-petition arrears due Bayview Loan Servicing,

LLC, in the amount of $57,577.  Debtor will cure the pre-petition arrears by making

monthly payments in the amount of $1,087 for 60 months (including 5% interest),

commencing on the Effective Date of the Plan, or until paid, whichever occurs first.

Debtor has and will continue to make all post-petition mortgage payments due this Class

as they come due. The Plan further provides that Bayview Loan Servicing, LLC shall

retain its rights as a secured creditor.  This Class is impaired.

**Class 3.  Secured Claim of Colonial HOA, Inc.**

Class 3 consists of the secured claim of the Colonial HOA, Inc. in the amount of

$7,733, for unpaid pre-petition homeowner association fees.  This class is secured by

Debtor's property at 1235 Colonial Park Drive, Severn, Maryland 21144.  Debtor will

pay this class in full by making monthly payments in the amount of $146 for 60 months

(including 5% interest), commencing on the Effective Date of the Plan, or until paid,

whichever occurs first.  Debtor has and will continue to make all post-petition

homeowner association payments due this Class as they come due.  The Plan further

provides that this class shall retain its rights as a secured creditor. This class is impaired.

**Class 4.  Secured Claim of Quarterfield Utilities, LLC**

Class 4 consists of the secured claim of Quarterfield Utilities, LLC, in the amount

of $2,732, by operation of a duly filed lien for an unpaid pre-petition front footage

assessment.  This class is secured by Debtor's property at 1235 Colonial Park Drive,

Severn, Maryland 21144. Debtor will pay this class in full by making monthly payments

in the amount of $52 for 60 months (including 5% interest), commencing on the Effective

Date of the Plan, or until paid, whichever occurs first. Debtor has and will continue to make all post-petition payments due this Class as they come due. The Plan further provides that this class shall retain its rights as a secured creditor. This class is impaired

**Class 5.  Secured Claim of Deutsche Bank National Trust/Ocwen Loan Servicing**

Class 5 consists of the secured claim of Deutsche Bank National Trust/Ocwen Loan Servicing in the amount of $303,576. This claim is secured by a 1st Deed of Trust on debtor's rental property located at 1843 Whites Ferry Place, Crofton, Maryland 21114. At the time of the filing of this bankruptcy case there were pre-petition arrears due Deutsche Bank National Trust/Ocwen Loan Servicing in the amount of $41,535. Debtor will cure the pre-petition arrears by making monthly payments in the amount of $784 for 60 months (including 5% interest), commencing on the Effective Date of the Plan, or until paid, whichever occurs first. Debtor has and will continue to make all post-petition mortgage payments due this Class as they come due. The Plan further provides that Deutsche Bank National Trust/Ocwen Loan Servicing shall retain its rights as a secured creditor. This Class is impaired.

**Class 6.  Secured Claim of Real Time Solutions (BOA)**

This class consists of the secured claim of Real Time Solutions (BOA) in the amount $52,709. This class is secured by a 2nd Deed of Trust in favor of Real Time Solutions (BOA) as to the Debtor's rental property located at 1843 Whites Ferry Place, Crofton, Maryland 21114. At the time of the filing, there were pre-petition arrears due Real Time Solutions (BOA) in the amount of $2,660. Debtor will cure the pre-petition arrears by making monthly payments in the amount of $51 for 60 months (including 5% interest), commencing on the Effective Date of the Plan, or until paid, whichever occurs

first.  Debtor has and will continue to make all post-petition mortgage payments due this class as they come due.  The Plan further provides that Real Time Solutions (BOA) shall retain its rights as a secured creditor.  This Class is impaired.

**Class 7.  Secured Claim of Blue Ridge at Crofton Meadows HOA, Inc.**

This class consists of the secured claim of Blue Ridge at Crofton Meadows HOA, Inc. in the amount of $6,172.  This class is secured by Debtor's rental property at 1843 Whites Ferry Place, Crofton, Maryland 21114, for unpaid pre-petition homeowner's association fees.  Debtor will pay this class in full by making monthly payments in the amount of $117 for 60 months (including 5% interest) commencing on the Effective Date of the Plan, or until paid, whichever occurs first.  Debtor has and will continue to make all post-petition payments due this Class as they come due.  The Plan further provides that this class shall retain its rights as a secured creditor.  This Class is impaired.

**Class 8.  Secured Claim of Crofton Meadows HOA, Inc.**

This class consists of the secured claim of the Crofton Meadows HOA, Inc. in the amount of $1,298.  This class is secured by Debtor's rental property at 1843 Whites Ferry Place, Crofton, Maryland 21114, for unpaid pre-petition homeowner's association fees. Debtor will pay this class in full by making monthly payments in the amount of $25 for 60 months (including 5% interest) commencing on the Effective Date of the Plan, or until paid, whichever occurs first.  Debtor has and will continue to make all post-petition payments due this Class as they come due.  The Plan further provides that this class shall retain its rights as a secured creditor.  This Class is impaired.

**Class 9.  Secured Claim of AAA Utilities Corporation**

This class consists of the secured claim of AAA Utilities Corporation in the amount of $5,634.  This class is secured by Debtor's rental property at 1843 Whites Ferry Place, Crofton, Maryland 21114, for unpaid pre-petition utility assessments/statements of liens.  Debtor will pay this class in full by making monthly payments in the amount of $107 for 60 months (including 5% interest) commencing on the Effective Date of the Plan, or until paid, whichever occurs first.  Debtor has and will continue to make all post-petition payments due this Class as they come due.  The Plan further provides that this class shall retain its rights as a secured creditor.  This Class is impaired.

**Class 10.  Secured Claim of Select Portfolio Servicing**

Class 10 consists of the secured claim of Select Portfolio Servicing in the amount of $201,812.  This claim is secured by a 1st Deed of Trust on debtor's rental property located at 1536 Harford Square Drive, Edgewood, Maryland 21040.  At the time of the filing of this bankruptcy case there were pre-petition arrears due Select Portfolio Servicing in the amount of $15,117.  Debtor will cure the pre-petition arrears by making monthly payments in the amount of $286 for 60 months (including 5% interest), commencing on the Effective Date of the Plan, or until paid, whichever occurs first. Debtor has and will continue to make all post-petition mortgage payments due this Class as they come due.  The Plan further provides that this class shall retain its rights as a secured creditor.  This Class is impaired.

**Class 11.  Secured Claim of First Harford Square Associations, Inc.**

This class consists of the secured claim of the First Harford Square Associations, Inc., in the amount of $4,344.  This class is secured by Debtor's rental property at 1536

Harford Square Drive, Edgewood, Maryland 21040, for unpaid pre-petition homeowner's association fees. Debtor will pay this class in full by making monthly payments in the amount of $82 for 60 months (including 5% interest) commencing on the Effective Date of the Plan, or until paid, whichever occurs first. Debtor has and will continue to make all post-petition payments due this Class as they come due. The Plan further provides that this class shall retain its rights as a secured creditor. This Class is impaired.

**Class 12.  Secured Claims of City of Baltimore/Bureau of Revenue Collections**

Class 12 consists of the secured claims of the City of Baltimore/Bureau of Revenue Collections in the total amount of $28,268 for unpaid real property taxes ($7,399); a tax sale redemption ($17,680), and unpaid water/utility assessment ($3,189). These claims are secured by duly recorded pre-petition liens related to debtor's rental property located at 4544 Finney Avenue, Baltimore, Maryland 21215. Debtor will pay this class in full by making monthly payments in the amount of $534 for 60 months (including 5% interest), commencing on the Effective Date of the Plan, or until paid, whichever occurs first. Debtor has and will continue to make all post-petition tax payments due this Class as they come due. The Plan further provides that this class shall retain its rights as a secured creditor. This Class is impaired.

**Class 13.  Secured Claim of Nationstar Mortgage d/b/a Mr. Cooper**

Class 13 consists of the secured claim of Nationstar Mortgage d/b/a Mr. Cooper in the amount of $308,202.59. This claim is secured by a 1st Deed of Trust on debtor's rental property located at 807 7th Street, N.E., Washington, DC 20002. At the time of the filing of this bankruptcy case there were pre-petition arrears due Nationstar Mortgage d/b/a Mr. Cooper in the amount of $74,970. The mortgage arrears, in effect, are not truly

mortgage arrears, but rather reflect Mr. Cooper's advanced payment of a disputed District of Columbia tax assessment against the property which was in turn added to the balance due on Debtor's mortgage account.  Since the petition, the District of Columbia has agreed to reduce the previous tax assessment rate which will generate a refund of the monies/taxes paid by Mr. Cooper, which in turn, will reduce the mortgage arrears due to Mr. Cooper to an approximate amount of $30,000.  Debtor will cure the pre-petition arrears (whatever the ultimate amount may be) by making monthly payments in the amount of $1415 for 60 months (i.e., the full amount, including 5% interest, if no refund is issued), commencing on the Effective Date of the Plan, or until paid, whichever occurs first.  Debtor has and will continue to make all post-petition mortgage payments due this Class as they come due.  The Plan further provides that this class shall retain its rights as a secured creditor.  This Class is impaired.

**Class 14.  DCRA (District of Columbia Office of Revenue and Assessments)**

Class 14 consists of the secured claim of the District of Columbia (DCRA) in the amount of $5,687.  This claim is secured by a duly recorded pre-petition lien for unpaid general assessments against Debtor's property at 807 7th Street, N.E., Washington, DC 20002. Debtor will pay this class in full by making monthly payments in the amount of $108 for 60 months (including 5% interest), commencing on the Effective Date of the Plan, or until paid, whichever occurs first.  Debtor has and will continue to make all post-petition payments due this Class as they come due.  The Plan further provides that this class shall retain its rights as a secured creditor.  This Class is impaired.

**Class 15. Secured Claim of Jefferson Capital Systems, LLC/American Credit Acceptance**

This class consists of the secured claim of the Jefferson Capital Systems, LLC (America Credit Acceptance) in the amount of $30,423.  This class is secured by

Debtor's 2010 BMW 535.  At the time of the filing there were no pre-petition arrears due this class.  Debtor has and will continue to make all post-petition payments due this Class as they come due.  The Plan further provides that this class shall retain its rights as a secured creditor.  This Class is unimpaired.

## Class 16.  Secured Claim of Anne Arundel County, Maryland

This claim consists of the secured claim of Anne Arundel County, Maryland in the amount of $159 for unpaid utility assessments.  The claim is secured by both the property located at 1235 Colonial Park Drive, Severn, Maryland 21144 (@$74), and the property located at 1843 Whites Ferry Place, Crofton, Maryland 21114(@$85).  Debtor will make full payment on this secured claim within 30 days of the Effective Date of the plan.  Debtor has and will continue to make all post-petition payments due this Class as they come due.  The Plan further provides that this class shall retain its rights as a secured creditor.   This claim is unimpaired.

## Class 17.  The Unsecured Creditors

Class 17 consists of the Allowed Unsecured Claims of Debtor that are not entitled to any priority.  These claims consist of the following:

| | |
|---|---:|
| Blue Ridge at Crofton | $ 7,198 |
| Citibank (LVNV Funding, LLC) | $ 1,963 |
| Colonial HOA, Inc. | $ 776 |
| Comcast | $ 552 |
| Comptroller of Maryland | $ 3,046 |
| Crofton Meadows HOA | $ 4,103 |
| Internal Revenue Service | $ 267 |
| North Arundel Emergency Physicians | $ 982 |
| T-Mobile | $ 233 |
| U.S. Dept. of Education | $ 44,727 |
| U.S. Dept. of Education | $ 63,693 |
| Verizon | $ 1,483 |
| | ========== |
| | $129,023 |

In addition, this Class may include deficiency balance claims of other Classes in the event the sale, surrender, or other disposition of certain real property creates such claims. Debtor does not anticipate any deficiency balance claims. Debtor will pay this class in full by making twenty (20) quarterly payments of 7305 (including 5% interest) commencing on the Effective Date of the Plan, or until paid, whichever occurs first. Payment to the claims in this class shall be made in pro rata distribution until paid in full. In the unlikely event debtor surrenders and/or disposes one or more properties, it is unlikely that any deficiency claims that any previous secured creditor may claim would cause this Class to receive less than full payment. This Class is impaired.

**Class 18. Debtor's Interest In Property**

This class consists of Debtor's interest in her property, both real and personal in nature. Debtor will retain her interest in such property. This Class is unimpaired.

All payments to all Classes due under the Plan shall be derived from Debtor's income and operations as Debtor-in Possession.

<u>Article III</u>

<u>Impairment of Classes and Corresponding Voting Rights</u>

Debtor's Plan provides for full payment for all Classes, but to the extent it does not provide full cash payment by the Effective Date of the Plan, or otherwise alter in any way any pre-petition rights, Classes are IMPAIRED. To the extent the Plan provides full cash payment by the Effective Date and does not otherwise alter in any way any pre-petition rights, Classes are UNIMPAIRED.

14

Unimpaired Classes:  Classes 1, 15, 16, and 18, as well as the priority tax claims of the Internal Revenue are unimpaired.  Accordingly, Classes 1, 15, 16 and 18 will be conclusively presumed to have accepted the Plan pursuant to 11 U.S.C. §1126.  With respect to these Classes, unless the Court disagrees with this assessment and orders that acceptances be solicited, Debtor will not be providing ballots for voting or otherwise soliciting the acceptance of the Creditors and/or Equity Security Holders of these classes. The Priority Tax claims, to the extent it exists, is unimpaired.  Regardless, the Internal Revenue Service is not eligible to vote as a Class pursuant to 11 U.S.C. §1123(a). However, the Internal Revenue Service will be permitted to indicate whether it consents to the treatment afforded its claim under the Plan.

Impaired Classes:  Class 2, Class 3, Class 4, Class 5, Class 6, Class 7, Class 8, Class 9, Class 10, Class 11, Class 12, Class 13, Class 14, and Class 17 are impaired by the Plan.   These classes are entitled to vote to accept or reject the Plan, and will have accepted the Plan if holders of at least two thirds in dollar amount and a majority (i.e., more than half) in number among the holders voting in each Class vote to accept the Plan.

Article IV

Executory Contracts and Leases

There are no executory contracts or leases to assume or reject.

Article V

Execution, Effect and Terms of the Plan

5.1.    Distributions of Debtor's cash shall be made by Debtor pursuant to the Plan as of the Effective Date.

15

5.2.    Debtor's cash consists of all net income from her endeavors, including her employment and rental properties.

5.3.    Debtor shall act as her own disbursing agent for purposes of making any distribution required under the Plan.

5.4.    Except as otherwise expressly provided in the Plan, on the Confirmation Date all assets of the estate will vest in Debtor.

5.5.    Pursuant to 11 U.S.C. §1141(d), except as otherwise set forth in the Plan or in the order confirming the Plan, after confirmation of the Plan, any property dealt with by the Plan is free and clear of all claims and interests of creditors and equity security holders.

5.6.    Upon completion of all payments due under the Plan, debtor shall be eligible to receive a discharge

5.7.    Upon receipt of a discharge by debtor, subject to the exceptions set forth in 11 U.S.C. §523, debtor's liability with respect to any claim and any debt (as defined in Section 101, U.S.C. ) thereof is extinguished completely, whether reduced to judgment or not, liquidated or un-liquidated, contingent or non-contingent, asserted or not asserted, fixed or unfixed, matured or un-matured, disputed or undisputed, legal or equitable, known or unknown, that arose from any agreement that debtor entered into or obligations Debtor incurred before the Confirmation Date, or that otherwise arose before Confirmation Date, including without limitation, liabilities of a kind specified in 11 U.S.C. Sec. 502(g), (h) and (i), whether or not a proof of claim is filed or deemed filed under 11 U.S.C. Sec. 502 of the Code, or whether or not the holder of such claim has accepted the Plan.

5.8.    Debtor will file such post-Confirmation reports as may be required by the Court, or under Bankruptcy Rule, or by the Office of the United States Trustee, until such time as the case has been administratively closed.  Such reports will not be distributed generally to creditors but will be sent to any creditor requesting them in writing.

5.9.    Professionals retained by debtor as Debtor-in-possession will continue to render services post-confirmation according to the fee arrangements previously approved by the Bankruptcy Court, except that formal fee applications may not be required for post-confirmation services or expense reimbursements.  All such fees and expenses may be paid directly by Debtor.  Until such case is administratively closed, statements for such post-confirmation services and expense reimbursement will be filed with the Court by Line, and not as an application, and will be served on the Office of the United States Trustee.  Such statements filed by Line will be deemed allowed and payable in full without the necessity of Court order unless a formal objection to such statement is filed within ten (10) days of service thereon.

Article VI

Jurisdiction and Other Provisions

6.1. Retention of Jurisdiction.  The Bankruptcy Court shall retain and have exclusive jurisdiction over Debtor's Chapter 11 case for the purpose of determining all disputes and other issues presented or arising under the Plan, including, without limitation, exclusive jurisdiction to:

a. Determine any and all objections to the allowance of Claims or Equity Interests, including amendments to Debtor's Chapter 11 schedules, which objections shall

17

be filed with the Bankruptcy Court other than by debtor within 90 days of the Effective Date of the Plan or 90 days after proof of claim filed, whichever is later.  All objections of Debtor to claims shall be filed within six (6) months after the Effective Date;

b. Determine any and all disputes arising under or relating to the Plan;

c. Determine any and all application for allowance of compensation and reimbursement of expenses arising out or relating to the case or any Claims;

d. Determine any and all pending application for rejections of executory contracts and unexpired leases and the allowance of any Claims resulting from the rejection thereof or from the rejection of executory contracts or unexpired Leases pursuant to the Plan;

e. Determine any and all application, adversary proceedings, and contested and litigated matters commenced in connection with the case before or after the Confirmation Date;

f. No default shall be declared under this Plan unless payment to the holder of any claim shall be overdue by forty-five (45) days;

g. Modify any provision of the Plan to the full extent permitted by the Bankruptcy Code;

h. Correct any defect, cure any omission or reconcile any inconsistency in the Plan, the exhibits to the Plan or the Order of Confirmation, as may be necessary to carry out the purposes and intent of the Plan;

i. Determine such other matters as may be provided for in the Confirmation Order or as from time to time be authorized under the Provision of the Bankruptcy Code or other applicable law;

j. Enforce all orders, judgments, injunctions, and rulings entered in connection with the Bankruptcy Case;

k. Enter such orders as may be necessary or appropriate in the aid of Confirmation and to facilitate proper consummation and implementation of the Plan, and

l. Consider any act concerning the compromise and settlement of any claim or cause of action by or against Debtor's estate.

6.2. Modification of the Plan may be proposed in writing by Debtor at any time before or after Confirmation provided that the Plan, as modified, meets the requirements of Section 1127 of the Bankruptcy Code.  Section 1127 allows modifications to be filed before Confirmation as long as the Plan, as modified, meets the requirements of Bankruptcy Code Section 1122 (Classification of Claims and Interests) and Section 1123 (Contents of the Plan).  Modifications after Confirmation require notice and the opportunity for a hearing.  Any holder of a Claim or Interest that has accepted or rejected a Plan is deemed to have accepted or rejected, as the case may be, such Plan as modified, unless within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

6.3. Confirmation of the Plan acts as an injunction against all creditors taking action to collect on their claims except to the extent of their rights as provided for under the Plan. Unless and until this bankruptcy case is closed, dismissed, or Debtor has received a discharge, in the event Debtor fails to make any payment as set forth in the Plan, the creditor's sole remedy shall be to file an appropriate motion with the Bankruptcy Court regarding debtor's default.  Once the case is dismissed or administratively closed with the Bankruptcy Court, or debtor receives a discharge, the automatic stay imposed by this

bankruptcy case is no longer in effect, and a creditor may pursue its collection remedies based upon any default.  For purposes of the Plan, unless otherwise directed *sua sponte* by the Court, this case will not be administratively closed until the earliest of all payments due under the Plan having been made or sixty (60) months from the effective date of the Plan.

6.4. Upon Confirmation, all property in the estate shall vest in Debtor, subject to the terms of this Plan, with full power and authority to manage Debtor's affairs in any manner not inconsistent with the requirements of this Plan.  Debtor shall have full power and control over all of debtor's post-petition earnings, from whatever source.  In particular, debtor shall have full power to manage her rental properties, including but not limited to maintaining, rehabilitating, and renting such properties, and from time to time, evicting any non-paying tenants.  Additionally, debtor shall, subject to Court approval, have full power to sell property or grant liens upon her property for any purpose and to enter into such agreements as in her best business interests that are not inconsistent with the Plan.  Similarly, debtor shall have full power to list properties for sale, and take whatever action necessary to facilitate sales of property and to enter into any agreements in connection therewith provided they are in not inconsistent with the Plan.

 In the event of conversion of this case to one under Chapter 7, any assets remaining as of the Confirmation Date shall revert to the bankruptcy estate for administration by the Chapter 7 Trustee.

Article VII

Notice

7.  All communications and notices relative to the Plan shall be in writing, and may be delivered by hand, telecopy, or by nationally recognized overnight courier service and

20

shall be deemed given one business day after so transmitted.  If mailed by first class mail, postage prepaid, all such communications and notices shall be deemed given three days after so mailed.  All such notices shall be addressed to the parties at the respective addresses as set forth in the records of Debtor, if to Debtor:

        Rosemarie Frazier
        1235 Colonial Park Drive
        Severn, Maryland 21144


        And to counsel for Debtor:

        Richard L. Gilman, Esq.
        Gilman & Edwards, LLC
        8401 Corporate Drive
        Suite 450
        Landover, MD  20785

Or to such other location as Debtor may from time to time designate. Claimants shall provide debtor with any change of address.  Any creditor or other party in interest entitled to notice pursuant to this Plan shall be deleted from the notice list when that Creditor's Allowed Claims have been paid in full.  In the event that a creditor fails to maintain a current mailing address and mail to a creditor is returned as undeliverable after two attempts, neither Debtor nor Debtor's counsel shall be required to search for the creditor's new location.  In such case, any Claim held by such Creditor shall be deemed to be disallowed for the purpose of any future distributions.  Funds which otherwise would have been paid to such Creditor, shall instead remain available for other

administration according to the terms of the Plan.

                                    Respectfully submitted,

Date:9/30/2019                      /s/Rosemarie Frazier
                                    Rosemarie Frazier as Debtor-In-Possession

Date:9/30/2019.                     Gilman & Edwards, LLC
                                    /s/ Richard L. Gilman
                                    Richard L. Gilman, Esq.
                                    Fed Bar No. 10231
                                    8401 Corporate Drive, Ste. 450
                                    Landover, MD  20785
                                    Tel: 301-731-3303
                                    Fax: 301-731-3072
                                    rgilamn@gilmanedwards.com
                                    Counsel for Debtor